Mr. James Walsh, Director Department of Social Services P. O. Box 570 Jefferson City, Missouri 65101
Dear Mr. Walsh:
Your predecessor, Lawrence Graham, requested a formal legal opinion of this office on certain questions that pertain to the execution by the Division of Health of the controlled substances law, §§ 195.010-195.320, RSMo Supp. 1976.
These questions are:
 "1. Are the schedules of controlled substances described in Section 195.015 RSMo., `Rules' within the meaning of Section 536.010 RSMo. 1976?
 "2. Assuming an affirmative answer to the first question, must the Division of Health comply with the provisions of 536.021 RSMo., 1976 when a controlled substance is designated, rescheduled or deleted by the Drug Enforcement Administration, U.S. Department of Justice in view of Section 195.015, 4, RSMo."
The controlled substances law establishes five categories or "schedules" of controlled substances in an attempt to grade the substances according to their potential for abuse and addictive properties. § 195.017. The legislature itself initially placed specified substances in the various schedules and directed the Division of Health to subsequently by rule, after public notice and hearing, add substances to the schedules based upon stated statutory criteria. § 195.015, subsections1, 2, and 3.
The 1976 Amendments to the administrative procedure law,Chapter 536, RSMo, redefined the term "rule." The following part of the new definition appears material to your question:
 "`Rule' means each agency statement of general applicability that implements, interprets, or prescribes law or policy, or that describes the organization, procedure, or practice requirements of any agency. . . ." § 536.010(4), V.A.M.S.
Should the Division of Health exercise the power conferred by § 195.015 to add a controlled substance to one of the statutory schedules, we believe it would be making a "rule" within the meaning of the administrative procedure law.
In response to your second question, § 195.015, subsection 4
provides:
 "If any substance is designated, rescheduled, or deleted as a controlled substance under federal law and notice thereof is given to the division of health, the division of health shall similarly control the substance under sections 195.010 to 195.320
after the expiration of thirty days from publication in the federal register of a final order designating a substance as a controlled substance or rescheduling or deleting a substance, unless within that thirty-day period, the division of health objects to inclusion, rescheduling, or deletion. In that case, the division of health shall publish the reasons for objection and afford all interested parties an opportunity to be heard. At the conclusion of the hearing, the division of health shall publish its decision, which shall be final unless altered by statute. Upon publication of objection to inclusion, rescheduling or deletion under sections 195.010 to 195.320 by the division of health, control under sections 195.010 to 195.320 is stayed until the division of health publishes its decision."
We believe that this statute sets forth a special procedure for designating, deleting, or rescheduling controlled substances and that in situations where this statute pertains, the general procedures for administrative rule making set forth in Chapter536, RSMo, do not apply.
Yours very truly,
 JOHN ASHCROFT Attorney General